**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4835**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAMAL PILES, a/k/a Marty,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:07-cr-00270-WDQ-8)

_____

Submitted: August 26, 2009     Decided: September 3, 2009

_____

Before WILKINSON, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Arthur S. Cheslock, Baltimore, Maryland, for Appellant. James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Piles, a/k/a Marty, pled guilty to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Piles to 135 months' imprisonment. Piles' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his view, there are no meritorious issues for appeal. Counsel, however, asks this court to review the validity of Piles' guilty plea and the reasonableness of his sentence. Piles has not filed a pro se supplemental brief and the Government has not filed a brief. We affirm.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

Because Piles did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is

2

reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  "To establish plain error, [Piles] must show that an error occurred, that the error was plain, and that the error affected his substantial rights."  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  Even if Piles satisfies these requirements, "correction of the error remains within [the Court's] discretion, which [the Court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted).  Our review of the transcript reveals substantial compliance with the requirements of Rule 11, and we conclude that Piles pled guilty knowingly and voluntarily.

We review a sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009).  In so doing, we first examine the sentence for "significant procedural error," including:  "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ."  Gall, 128 S. Ct. at 597.  The Court then "'consider[s] the

3

substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 129 S. Ct. 476 (2008). If the sentence is within a properly calculated guidelines range, we apply a presumption of reasonableness on appellate review. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding appellate presumption of reasonableness on appellate review for within-guidelines sentence).

We have reviewed the record and conclude that the district court did not commit reversible procedural error in sentencing Piles, and that his within-guidelines sentence is substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Piles, in writing, of the right to petition the Supreme Court of the United States for further review. If Piles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Piles.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED